IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES TATE, individually, and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION, dba U.S. BANK,<br><br>              Defendants. | No. CV-06-1204-HU<br><br>FINDINGS & RECOMMENDATION |

J. Dana Pinney
A.E. Bud Bailey
David A. Schuck
BAILEY, PINNEY & ASSOCIATES, LLC
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683

    Attorneys for Plaintiff

Carol J. Bernick
Christopher F. McCracken
Kevin H. Kono
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201

HUBEL, Magistrate Judge:

    Plaintiff James Tate brings this wage claim action against defendant U.S. Bank. Plaintiff filed the action in Multnomah

1 - FINDINGS & RECOMMENDATION

County Circuit Court. Defendant removed the action to this Court. Plaintiff moves to remand. I recommend that plaintiff's motion be granted. Plaintiff also moves to strike the declaration of John Burnside filed by defendant in opposition to the motion to remand. I deny the motion to strike as moot.

## BACKGROUND

The state court Complaint is brought as a class action under Oregon law. Thus, plaintiff is named individually and on behalf of all other persons similarly situated. Exh. 1 to Notice of Removal at p. 2. In the first claim, plaintiff alleges that by misclassifying certain Sales and Service Manager (SSM) employees as exempt from overtime, defendant violated Oregon Revised Statute § (O.R.S.) 653.261 and Oregon Administrative Rule (OAR) 839-020-0030, which provide for 1½ times the employee's hourly wage when the employee works more than 40 hours in a week. Id. at ¶¶ 26, 27, 28. Plaintiff alleges that defendant's conduct was willful. Id. at ¶ 29. Plaintiff seeks the unpaid overtime wages, a civil penalty pursuant to O.R.S. 653.055, and attorney's fees. Id. at ¶ 30. This first claim applies to SSMs who worked for defendant "[w]ithin the two years prior to the date of filing of this complaint." Exh. 1 to Notice of Removal at ¶¶ 26, 28.

The second claim applies to those members of the "SSM class" whose employment with defendant ended within three years prior to the filing of the action. Id. at ¶ 32. The claim is for late payment of wages under O.R.S. 652.140. That statute requires that upon discharge or termination, the employer must pay the employee all wages owing within certain specified periods of time. Failure to do so triggers a penalty under O.R.S. 652.150. Plaintiff also

2 - FINDINGS & RECOMMENDATION

seeks attorney's fees in connection with this claim.

Notably, in the caption of the state court Complaint, plaintiff alleges that "THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS." Id. at p. 2. And, in paragraph 5 of the Complaint, plaintiff pleads that "[t]he aggregate total of the claims pled herein do not exceed five million dollars." Id. at ¶ 5. Additionally, the prayer of the Complaint states that "[p]laintiff and members of each class request the Court award such damages, in total less than five million dollars, . . ." Compl. at p. 9. In the Notice of Removal, however, defendant contends that the amount in controversy exceeds $5 million. Notice of Removal at ¶¶ 12-26. According to defendant, the total amount in controversy, without considering attorney's fees, is over $14.5 million. Id. at ¶ 26.

## DISCUSSION

The Class Action Fairness Act of 2005 (CAFA), grants federal jurisdiction over any civil action where (1) the amount in controversy exceeds $5 million; (2) the number of members of all proposed plaintiff classes in the aggregate is one hundred or greater; and (3) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). The issue in this case concerns the amount in controversy requirement.

Under CAFA, the burden of establishing removal jurisdiction lies with the proponent of federal jurisdiction. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). This includes "any applicable amount in controversy requirement." Id. at 682-83.

Generally, if a complaint does not specify the amount of

3 - FINDINGS & RECOMMENDATION

damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  <u>Id.</u> at 683.  In the instant case, defendant argues in opposition to plaintiff's motion to remand, that plaintiff's complaint does <u>not</u> allege a specific dollar amount because it expresses only that "the aggregate of claims does not exceed 5 million dollars" which defendant argues is nothing more than a statement that the $5 million jurisdictional threshold is not met.

Defendant, relying on statements made by Burnside in the declaration plaintiff seeks to strike, contends that based on the number of SSMs in Oregon during the two-year period preceding the filing of the Complaint, the average hourly wage of these SSMs, their pay schedule, and the fact that during the two-year period there were 3,300 combined pay periods for the SSMs, the penalty wage claim alone would exceed the $5 million jurisdictional threshold.  Defendant also relies on evidence submitted in a related case pending in this Court, <u>McElmurry v. US Bank Nat'l Ass'n</u>, No. CV-04-642-HU, for facts regarding the average number of hours SSMs work per week and plaintiff's valuation of the SSM claims in the <u>McElmurry</u> case.

Plaintiff contends that the amount in controversy is, in fact, specified in the Complaint, and that it is less than $5 million.  Plaintiff also argues that a recent decision by Judge Haggerty precludes defendant from making the argument it makes here.

In <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, No. CV-06-592-HA, Order of Remand (D. Or. Aug. 16, 2006), the plaintiff filed a class action wage complaint in state court, bringing claims under O.R.S.

4 - FINDINGS & RECOMMENDATION

652.140, 652.150, and 653.055, for unpaid wages, late payment of wages upon termination, and penalties. Id. at p. 2. The defendant removed the action to this Court under CAFA. Id. The plaintiff sought remand on the basis that there was no minimal diversity of citizenship and that the total amount in controversy did not exceed $5 million. Id.

After concluding that the defendant had met its burden of alleging minimal diversity of citizenship, id. at p. 3, Judge Haggerty examined the amount in controversy requirement. First, he noted that in ordinary diversity cases, the appropriate procedure for determining the amount in controversy on removal is to initially consider whether the amount is "facially apparent" on the complaint and if not, to then consider the facts in the removal petition. Id. at p. 4. He noted, relying on Abrego Abrego, that the Ninth Circuit had accepted that framework for cases under CAFA. Id.

Next, he explained that "[h]ere, plaintiff specified in her Complaint that the 'aggregate total of the claims pled herein do not exceed five million dollars.'" Id. (quoting Compl. ¶ 4). This allegation is identical to that alleged in paragraph 5 of the instant case. Judge Haggerty then concluded that "[t]he amount in controversy is facially apparent, and is insufficient to establish federal jurisdiction." Id.

Second, Judge Haggerty rejected the defendant's arguments that the court should disregard the damages prayer. Judge Haggerty noted whether a complaint that alleges an amount less than the jurisdictional amount defeats federal jurisdiction in the context of CAFA had not yet been decided in the Ninth Circuit. Id. (citing

5 - FINDINGS & RECOMMENDATION

Abrego Abrego, 443 F.3d at 683 n.8 ("If the Complaint alleges damages of less than the jurisdictional amount, 'more difficult problems are present,' as to which there is no binding precedent in this circuit.") (quoting 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3725 at 84)).

Judge Haggerty then discussed that the "more difficult problems" occur outside the CAFA context. Id. He explained that a concern that a plaintiff could increase the damages alleged after the period for removal had expired is absent under CAFA because the statute eliminates the one-year limitation for removing a case to federal court based on diversity jurisdiction. Id. at p. 5 (citing 28 U.S.C. § 1453(b)). Rather, if a plaintiff attempts to increase the amount in controversy, the defendant can then remove the case to federal court at that time. Id.

Thus, he concluded that the plaintiff was bound by the allegation that the amount in controversy would not exceed $5 million and that if the plaintiff attempted to increase the damages sought, the case could then be removed to federal court. Id. Therefore, he noted, federal jurisdiction was inappropriate unless the plaintiff's prayer is determined to have been made in bad faith. Id.

Judge Haggerty stated that a plaintiff's request for damages is construed as having been made in good faith and that the court may not disregard the plaintiff's damages prayer even if there are circumstances suggesting that the plaintiff might be manipulating jurisdictional requirements. Id. at p. 6 (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993), Corlew v. Denny's Rest., Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997)). He declined

6 - FINDINGS & RECOMMENDATION

to disbelieve plaintiff's valuation of her case. Id. Thus, he granted the motion to remand.

I do not need to apply a formal issue preclusion analysis as plaintiff urges because I find Judge Haggerty's reasoning in Lowdermilk to be thorough and sound. Accordingly, I adopt it in this case.

Defendant contends that Lowdermilk is distinguishable because the instant case contains an allegation under the first claim for unpaid overtime that requires a penalty payment for each pay period. Compl. at ¶ 13 (". . . plus 30 days of penalty wages for each pay period overtime wages were not paid when due.") (emphasis added). Defendant asserts that this claim was absent in Lowdermilk.

Defendant's argument misses the mark. The conclusion Judge Haggerty reached in Lowdermilk, as I understand his reasoning, was based on the fact that the plaintiff's allegation that the "aggregate total of the claims plead herein do not exceed five million dollars," was a specific expression of the amount of damages sought, apparent on the face of the complaint, and thus, there was no basis to go behind that allegation and attempt to compute what damages might be theoretically possible based on the claims at issue in the case.

The same principle applies here. Plaintiff has limited himself by his specific expression that the claims do not exceed $5 million in damages.[1]  Thus, as in Lowdermilk, the amount in

---

[1] Under Oregon law, pleadings must specify the amount of money damages the party seeks. Or. R. Civ. P. 18B. A verdict must not exceed the amount alleged and prayed for in the

7 - FINDINGS & RECOMMENDATION

controversy is facially apparent and is insufficient to establish federal jurisdiction. Moreover, as Judge Haggerty explained, "a 'plaintiff may evade federal court simply by asking for less than the jurisdictional amount, so long as the plaintiff, should she prevail, isn't legally certain to recover more.'" Lowdermilk, Ord. at pp. 6-7 (quoting Shaw, 994 F.2d at 366. As he further stated,

> [a]ccordingly, plaintiff's prayer is not considered made in bad faith even if it is asserted solely to avoid federal jurisdiction. Here, if plaintiff prevails on her claims in state court, she cannot recover more than her prayer of five million dollars, and, as discussed above, if she increases that prayer her claims will then be subject to removal. 28 U.S.C. § 1453(b).

Id. at p. 7

Judge Haggerty's statements in Lowdermilk are equally applicable here. Additionally, because I resolve the motion to remand in plaintiff's favor without considering the motion to strike, I deny the motion to strike as moot.

CONCLUSION

I recommend that plaintiff's motion to remand (#4) be granted, and that this case be remanded back to state court. I deny plaintiff's motion to strike (#12) as moot.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 6, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. / / /

---

complaint. Lovejoy Specialty Hosp., Inc. v. Advocates for Life, Inc., 121 Or. App. 160, 167, 855 P.2d 159, 163 (1993) (citing Wiebe v. Seely, 215 Or. 331, 357, 335 P.2d 379 (1959)).

8 - FINDINGS & RECOMMENDATION

If objections are filed, a response to the objections is due February 20, 2007. and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  22nd  day of January      , 2007.


                                        /s/ Dennis James Hubel
                                        Dennis James Hubel
                                        United States Magistrate Judge

9 - FINDINGS & RECOMMENDATION