UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES TATE, individually, and on behalf of all other persons similarly situated,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, dba U.S. Bank,

Defendant.

Civil No. 06-1204-HU

ORDER

HAGGERTY, Chief Judge:

Plaintiff James Tate filed this wage class action suit in the Multnomah County Circuit Court of Oregon. Plaintiff claims that defendant misclassified sales and service managers (SSM) as exempt from overtime pay in violation of O.R.S. 653-261 and Or. Admin. R. (hereinafter,

OAR) 839-020-0030, and failed to tender employees' final paycheck by the "end of the first business day after the discharge or termination," in violation of O.R.S. 652.140(1).

Defendant removed the action to this court under the Class Action Fairness Act of 2005 (CAFA). Plaintiff objected to the removal as improper and filed a Motion to Remand [4]. Plaintiff also moved to strike a declaration submitted by defendant in support of its Motion to Remand.

In a Findings and Recommendation dated January 22, 2007, Magistrate Judge Hubel recommended that this action be remanded to state court on grounds that defendant failed to satisfy CAFA's minimum amount in controversy requirement of five million dollars. The Magistrate denied plaintiff's Motion to Strike [12] as moot. Defendant objects to the Findings and Recommendation.

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendant's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated here. This court has considered defendant's objections and concludes that the Findings and Recommendation is entitled to adoption.

**ANALYSIS**

Defendant argues that the Findings and Recommendation incorrectly treated the amount in controversy as "facially apparent" because the Complaint did not specify a dollar amount for damages, but instead sought "damages, in total less than five million dollars," as well as attorney fees. Compl. at 9. Relying on a ruling from this court, *Lowdermilk v. U.S. Bank Nat'l Assoc*, No. 06-592, 2006 WL 4100011 (D. Or. Aug. 6, 2006), *aff'd* 479 F.3d 994 (9th Cir. 2007), the Findings and Recommendation concluded correctly that "the plaintiff's allegation that the 'aggregate total of the claims [pled] herein do not exceed five million dollars,' was a specific expression of the amount of damages sought, apparent on the face of the complaint . . . ." Findings and Recommendation at 7. The Ninth Circuit has since recognized that courts need not look beyond the four corners of a Complaint to determine whether the CAFA jurisdictional amount is met when the Complaint "avers damages (less than five million dollars) that do not reach the threshold for federal jurisdiction." *Lowdermilk*, 479 F.3d 994, slip op. at 9 (quotations omitted) ("Plaintiff did plead a specific amount in damages, and therefore, the preponderance of the evidence standard does not apply"). Accordingly, this objection is overruled.

Defendant further objects that the Findings and Recommendation erred by failing to consider evidence concerning the estimated worth of plaintiff's claims, which defendant asserts met the burden to establish that the amount in controversy exceeded the jurisdictional threshold. U.S. Bank's Objections at 12-14. Again relying on this court's ruling in *Lowdermilk*, the Findings and Recommendation recognized correctly that "a plaintiff may evade federal court simply by asking for less than the jurisdictional amount, so long as the plaintiff, should she prevail, isn't legally certain to recover more." Findings and Recommendation at 8 (citations omitted). This

proposition was also affirmed by the Ninth Circuit. *Lowdermilk,* 479 F.3d 994, slip op. at 11-12 ("[W]here the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met"). Where, as here, there is no evidence of bad faith on the part of plaintiff, defendant "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction," by showing that plaintiff is legally certain to recover at least five million dollars. *Id.*, slip op. at 10.

This court has examined defendant's proffered evidence concerning the estimated worth of plaintiff's claims and concludes that defendant failed to establish with legal certainty that the amount in controversy meets the jurisdictional minimum. Although defendant asserted that plaintiff's claim for unpaid overtime was worth more than $11,000,000, this estimate is insufficiently supported to overcome the presumption against federal jurisdiction.

Under Oregon law, employers who fail to pay overtime wages to non-exempt employees are liable for the unpaid overtime, as well as penalty wages provided in O.R.S. 652.150. O.R.S. 653.055. A non-exempt hourly employee who worked more than forty hours per week "must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of forty (40)." OAR 839-020-0030(3)(a). Penalty wages for unpaid overtime run from the date when overtime was owed until payment or commencement of a lawsuit, with recovery being capped at thirty days. O.R.S. 652.150.

Defendant submitted evidence that 214 individuals held the SSM position and were paid at a rate of fourteen dollars per hour, but did not specify how many hours each SSM employee

worked in excess of forty. Indeed, defendant's only evidence of overtime hours worked by the SSM employee came from declarations by two SSM employees from two other cases regarding the number of hours they worked. Such limited evidence fails to establish with "legal certainty" the amount of overtime worked, if any, by the 212 other class members. *See Lowdermilk*, 479 F.3d 994, slip op. at 16-17 (preliminary class list from another case, which had not been certified, failed to establish class size for purposes of satisfying jurisdictional amount). Without evidence that each class member worked some overtime, this court is unable to determine with any certainty the amount of penalty wages at stake.

Even if the court adopts defendant's assertions regarding class size and hourly rate, and assumes that all 214 SSM employees are entitled to penalty wages, the jurisdictional minimum still is not met. At most, penalty wages could be up to $719,040 – *i.e.*, 214 (individuals) multiplied by $14 (hourly rate) multiplied by eight (hours/day) multiplied by thirty (days). The court rejects defendant's argument that penalty wages could be assessed for each pay period when overtime wages were due but not paid. Defendant's argument depends upon a strained interpretation of O.R.S. 652.150 for which defendant provided no supporting authority.

Defendant's estimate that plaintiff's claim for late payment of wages upon termination was worth more $342,720, is similarly flawed. Under Oregon law, penalties for late wages run from the date when the wage was owed (but not paid) until the date the employer actually pays the wage, and recovery is capped at a maximum of thirty days. O.R.S. 652.150. Here, defendant has assumed that all 102 employees terminated in the relevant period were paid at least thirty days late, but provided no evidence to support this assertion. The Ninth Circuit rejected such

unsubstantiated assumptions in *Lowdermilk.* 479 F.3d 994, slip op. at 15-16 (rejecting assumption that all class members would be entitled to maximum damages).

Because defendant left the court to speculate as to the amount of unpaid overtime and late wages owed, if any, and whether or not members of the SSM class qualify for penalty wages, defendant has failed to prove with "legal certainty" that the amount in controversy meets CAFA's jurisdictional requirements. *See id.* at 18 ("we cannot base our jurisdiction on Defendant's speculation and conjecture" about the amount of unpaid wages owed and whether or not members of the class qualify for penalty wages). Including attorney fees in the calculation brings defendant no closer to carrying its burden because the court "simply [has] no basis for estimating the claims of the individual class members." *Id.*

The court has reviewed defendant's other objections and finds them similarly without merit. Accordingly, the court finds that the Findings and Recommendation concluded correctly that federal jurisdiction is lacking and that plaintiff's Motion to Remand must be granted.

**CONCLUSION**

Defendant has failed to prove with legal certainty that the amount in controversy meets CAFA's jurisdictional requirements. Accordingly, the Magistrate Judge's Findings and Recommendation [20] is adopted, and plaintiff's Motion to Remand [4] is granted.

IT IS SO ORDERED.

DATED this 17 day of April, 2007.

ANCER L. HAGGERTY
United States District Judge